|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENA TAPIA, | ) | 1:09-cv-01143 AWI GSA |
| | ) | |
| | ) | ORDER DISMISSING COMPLAINT WITH |
| Plaintiff, | ) | LEAVE TO AMEND |
| | ) | |
| v. | ) | |
| | ) | |
| AURORA LOAN SERVICES, LLC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Lorena Tapia, appearing pro se and proceeding in forma pauperis, filed a complaint on June 30, 2009. Plaintiff names Aurora Loan Services, LLC, as Defendant. Although it is not entirely clear, Plaintiff is alleging that Defendant failed to disclose information regarding the terms of the mortgage agreement on property located at 17415 Brook Drive W., in Madera, California. It appears that Plaintiff is facing foreclosure or eviction from her home and is seeking injunctive and monetary relief, as well as an award of monetary damages. More particularly, Plaintiff has alleged a violation of California Civil Code section 2923.6, a violation of California Civil Code section 1788.17, a violation of California Civil Code section 1572. (Doc. 1 at 11-15.) Her fourth and fifth causes of action seek declaratory and injunctive relief. (Doc. 1 at 15-16.) Lastly, Plaintiff asserts a cause of action for "cancellation of instrument/foreclosure." (Doc. 1 at 16-17.)

//

//

**DISCUSSION**

**A.  *Screening Standard***

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the court has reviewed the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not.  *Id*. at 1949.

**B.  *Plaintiff's Allegations***

    **1.  Violation of California Civil Code Section 2923.6**

Plaintiff asserts that Defendant has an obligation to modify the terms of her loan, and by failing to do so, Defendant has violated the provisions of California Civil Code section 2923.6. (Doc. 1 at 11-13.)

California Civil Code section 2923.5 requires a lender or its agent to attempt to contact a defaulted borrower prior to foreclosure.  Subdivision (a)(2) of that section requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid

foreclosure." Subdivision (b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact the borrower as required by this section."

However, California Civil Code section 2923.5 does not *require* acceptance of a modification of a loan. Indeed, California Civil Code section 2923.6 states "It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan *if such a modification or plan is consistent with its contractual or other authority*." (Emphasis added.) The plain language of the statute - "if" - clearly means the statute does not require the lender to accept a loan modification. Plaintiff makes an assertion that she is "willing, able, and ready to execute a modification" of the loan on the terms expressly stated in her complaint. (Doc. 1 at 12.) However, as explained above, Defendant is not legally obligated to accept her offer of a modification of the loan.

Additionally, "[a] statute creates a private right of action only if the enacting body so intended." *Grodensky v. Artichoke Joe's Casino*, 171 Cal.App.4th 1399, 1420, 91 Cal.Rptr.3d 732 (2009). The Court finds that California Civil Code section 2923.6 does not create a cause of action for Plaintiff. Subdivision (a) of the section applies only to servicers and parties in a loan pool. Cal. Civ. Code, § 2923.6(a). Plaintiff does not allege that she is either a servicer or a party in a loan pool.

Plaintiff has failed to state a cognizable claim.

**2.   Violation of Rosenthal Fair Debt Collection Practices Act**

Plaintiff asserts that Defendant has violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") by harassment, oppression, and abuse, misrepresentation of the status of the debt, using unfair and unconscionable means to collect a debt, and using deceptive means to collect a debt. (Doc. 1 at 13-14.)

The Fair Debt Collection Practices Act ("FDCPA") and the RFDCPA prohibit debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts. 15 U.S.C. § 1692, *et seq.*; Cal. Civ. Code § 1788, *et seq.* To be liable for a violation of the RFDCPA, the defendant must be a "debt collector" within the meaning of the Act. The

3

RFDCPA defines a "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code, § 1788.2(c).

Plaintiff asserts that asserts that Defendant is a debt collector at page five of her Complaint. However, "foreclosure does not constitute debt collection under the RFDCPA." *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008).

Plaintiff has failed to state a claim upon which relief may be granted.

### 3.   Actual Fraud

Plaintiff contends Defendant committed actual fraud in violation of California Civil Code section 1572. (Doc. 1 at 14-15.)

California Civil Code section 1572 provides:

> Actual fraud, within the meaning of this Chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract:
> 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
> 2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;
> 3. The suppression of that which is true, by one having knowledge or belief of the fact;
> 4. A promise made without any intention of performing it; or,
> 5. Any other act fitted to deceive.

Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." *Gil v. Bank of Am., Nat'l Ass'n*, 138 Cal.App.4th 1371, 1381, 42 Cal.Rptr.3d 310 (2006); *see also Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996).

Plaintiff fails to name the persons responsible for making allegedly fraudulent statements, their authority to speak, and does not state what, when and where those statements were made. *See Lazar v. Superior Court*, 12 Cal.4th 631, 645, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996). Vague claims of fraud and misrepresentations will not suffice. In her factual recitation, Plaintiff identifies only "Kara Smith," and only in reference to Plaintiff's attempt to modify her loan. (Doc. 1 at 7.) Moreover, Plaintiff does not claim Ms. Smith acted fraudulently.

As presented, Plaintiff has failed to state a claim for actual fraud.

### 4. Declaratory Relief

Plaintiff's fourth cause of action seeks declaratory relief for there is a dispute as to whether Defendant has the "standing or any enforceable right" to foreclose on Plaintiff's home. She contends judicial determination is "necessary and appropriate." (Doc. 1 at 15-16.)

An action for declaratory relief requires the plaintiff to demonstrate the existence of an actual controversy regarding the legal rights of the parties. *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 800, 71 Cal.Rptr.3d 885 (2008). Here, Plaintiff asserts that an actual controversy exists because "Defendant does not have standing or any enforceable right to enforce the note any incidental rights to collateral so as to foreclose on Plaintiff's Home, including without limitation, conducting a trustee's sale relative to that property." (Doc. 1 at 15.)

To the degree that Plaintiff's home has not yet been the subject of a trustee's sale, she has stated a cognizable claim.

### 5. Injunctive Relief

Plaintiff asserts in her fifth cause of action that Defendant has no "standing or enforceable right to enforce the note" and conduct a trustee's sale of her home. She claims Defendant has threatened to do so, and unless restrained, Plaintiff will suffer. She further alleges that this circumstance "would result in a new cause of action for 'wrongful evication [*sic*]'" causing irreparable harm. (Doc. 1 at 16.)

First, a request for injunctive relief by itself does not state a cause of action by itself and is properly brought before the court on a separate motion. *Shamsian v. Atl. Richfield Co.*, 107 Cal.App.4th 967, 984-85, 132 Cal.Rptr.2d 635 (2003), citing *Shell Oil Co. v. Richter*, 52 Cal.App.2d 164, 168 (1942). An injunction is merely a remedy and is not a cause of action. A cause of action must exist before injunctive relief may be granted.

Even if the request were construed as derivative of all other alleged causes of action, Plaintiff bears the burden of showing that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. National Resources Defense*

*Council, Inc.*, __ U.S. __, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008); *see also Munaf v. Geren*, 553 U.S. __, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008).

Because a request for injunctive relief by itself does not state a cause of action, this claim is dismissed for failure to state a claim upon which relief may be granted. To the extent that this claim is derivative of the other alleged causes of action alleged in the complaint, Plaintiff has not sustained her burden to demonstrate she is likely to succeed on the merits, and therefore is not entitled to injunctive relief based on her pleadings.

### 6. "Cancellation of Agreement/Foreclosure"

Plaintiff claims the Deed of Trust she executed is "voidable in that there is no enforceable underlying promissory note for the Deed of Trust to secure," and thus, she "notifies" Defendant of her "intent to cancel the deed of trust." (Doc. 1 at 16-17.)

California law does not require production of the original note in order to proceed with a non-judicial foreclosure. Cal. Civ. Code § 2924(a). Additionally, Plaintiff does not cite to any authority in support of her sixth cause of action. (*See* Doc. 1 at 16-17.) Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must contain allegations putting a defendant on notice of the claims asserted and the grounds upon which they rest. The Court is not required to speculate as to which provisions Plaintiff is suing under, or how defendants violated those provisions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. at 1964.

Plaintiff has failed to state a cognizable claim. Nevertheless, Plaintiff will be given an opportunity to amend her complaint.

### B. *Standing*

It is Plaintiff's contention that Defendant lacks standing to conduct a non-judicial foreclosure pursuant to California Civil Code section 2932.5 and California Commercial Code section 3301. (Doc. 1 at 8-11.) Plaintiff states that "Aurora Loan Services is not listed anywhere in the Deed of Trust or Promissory Note" and is therefore a "stranger[] to the transaction" without "authority to go forward." (Doc. 1 at 8.) Plaintiff further contends that because

1   Defendant is not in possession of the promissory note, it is not a "holder[] in possession of the
2   instrument who has a right of the holder." (Doc. 1 at 10.)
3       "If the trustee's deed recites that all statutory notice requirements and procedures required
4   by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that
5   the sale has been conducted regularly and properly." *Nguyen v. Calhoun*, 105 Cal.App.4th 428,
6   440, 129 Cal.Rptr.2d 426 (2003). Under California Civil Code section 2924(a)(1), a "trustee,
7   mortgagee or beneficiary or any of their authorized agents" may conduct the foreclosure process.
8   Under California Civil Code section 2924b(4), a "person authorized to record the notice of
9   default or the notice of sale" includes "an agent for the mortgagee or beneficiary, an agent of the
10  named trustee, any person designated in an executed substitution of trustee, or an agent of that
11  substituted trustee." "Upon default by the trustor, the beneficiary may declare a default and
12  proceed with a nonjudicial foreclosure sale." *Moeller v. Lien*, 25 Cal.App.4th 822, 830, 834, 30
13  Cal.Rptr.2d 277 (1994).
14      "Under Civil Code section 2924, no party needs to physically possess the promissory
15  note." *Sicairos v. NDEX West, LLC*, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ.
16  Code, § 2924(a)(1)). Rather, "[t]he foreclosure process is commenced by the recording o fa
17  notice of default and election to sell by the trustee." *Moeller v. Lien*, 25 Cal.App.4th at 830, 30
18  Cal.Rptr.2d 777. An "allegation that the trustee did not have the original note or had not
19  received it is insufficient to render the foreclosure proceeding invalid." *Neal v. Juarez*, 2007 WL
20  2140640, *8 (S.D. Cal. 2007).
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

**CONCLUSION**

For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff's first amended complaint is due within thirty (30) days of the date of service of this order. If Plaintiff fails to file a first amended complaint, the Court will recommend that this action be dismissed for failure to follow a court order.

Plaintiff is advised that an amended complaint supercedes the original complaint (*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated: __August 25, 2009__      _____/s/ Gary S. Austin_____
                                UNITED STATES MAGISTRATE JUDGE