# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENA TAPIA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AURORA LOAN SERVICES, LLC.,<br><br>　　　　　　　Defendant. | 1:09-cv-01143 AWI GSA<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF THE CASE FOR FAILURE TO OBEY COURT ORDER<br><br>(Document 7) |

　　　Plaintiff Lorena Tapia, appearing pro se and proceeding in forma pauperis, filed a complaint on June 30, 2009, seeking to challenge the foreclosure or impending foreclosure of her home. (Doc. 1.) On August 25, 2009, this Court issued an Order Dismissing Complaint with Leave to Amend, finding Plaintiff had failed to state cognizable claims. Plaintiff was provided thirty (30) days within which to file her amended complaint. (Doc. 7.) More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

　　　Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d

1  829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's
2  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
3  *See*, *e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with
4  local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
5  comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-
6  41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to
7  keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)
8  (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424
9  (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local
10  rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a
11  court order, or failure to comply with local rules, the Court must consider several factors: (1) the
12  public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
13  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
14  their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;
15  *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;
16  *Ghazali*, 46 F.3d at 53.

17  　　　　In the instant case, the Court finds that the public's interest in expeditiously resolving this
18  litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case
19  has been pending since June 30, 2009.  The third factor, risk of prejudice to defendants, also
20  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of
21  unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
22  1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly
23  outweighed by the factors in favor of dismissal discussed herein.

24  　　　　Finally, a court's warning to a party that her failure to obey the Court's order will result in
25  dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik v. Bonzelet*, 963 F.2d
26  at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring
27  Plaintiff to amend her complaint expressly stated: "If Plaintiff fails to file a first amended
28  complaint, the Court will recommend that this action be dismissed for failure to follow a court

order."  Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

Accordingly, the Court RECOMMENDS that this action be dismissed without prejudice based on Plaintiff's failure to obey the Court's order of August 25, 2009.

These findings and recommendations are submitted to Anthony W. Ishii, United States District Judge, pursuant to the provisions of Title 28 U.S.C. section 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 29, 2009**            **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE